(No. 22333.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BEN HENRY, Plaintiff in Error.

*Opinion filed April 21, 1934.*

BENJAMIN C. BACHRACH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a proceeding by writ of error to the criminal court of Cook county for the purpose of reviewing a judgment of conviction against Ben Henry. He was indicted for an assault with intent to commit robbery and was defended by the public defender of Cook county.

The evidence showed that Bernice Hannaberg was cashier of the Irving Park Theater. The defendant walked up to the window of the box office where Miss Hannaberg was at work. He put a revolver through the wicket, pointed it at the cashier, and told her to stick up her hands and give him the money. She replied she had no money. Just then the manager of the theater approached and said,

"Hey! What are you trying to do there?" Defendant ran out with the gun in his hand. He was pursued and captured by a police officer. The revolver was loaded.

At the conclusion of the evidence offered on behalf of the People the public defender stated to the court that the evidence does not fit the charge of the indictment, as the indictment charged an assault, whereas the proof does not sustain that charge. He suggested that the cause be continued to permit the return of an indictment merely charging an attempt to commit robbery. The court held that the charge of assault was sustained by the proof. The defendant declined to offer any evidence, and the judgment against him was thereupon entered.

The statute defines an assault to be an attempt, coupled with a present ability, to commit a violent injury on the person of another. The penalty provided for an assault with intent to commit robbery is imprisonment in the penitentiary for a term not less than one nor more than fourteen years, (Cahill's Stat. 1933, Crim. Code, div. 1, sec. 23,) while the penalty for an attempt to commit robbery is imprisonment in the penitentiary for a term not less than one nor more than five years. (Ibid. div. 2, sec. 1.)

Whether the evidence is sufficient to support the charge of assault is the only question in this case. The public defender contends that the mere pointing of a revolver at a person with the command to raise his hands and to deliver money or property constitutes an attempt to commit robbery but does not include an assault. He urges that a threat to kill or wound by pointing a loaded gun at another, which gives the person menaced an opportunity to escape from the threatened violence by complying with a demand, is not an assault. It is conceded that this court in *People* v. *Connors,* 253 Ill. 266, took a position contrary to the contentions of the public defender, but he urges that we should adhere no longer to the decision in that case. It was there contended, as it is here, that pointing

a loaded revolver at another within shooting distance and threatening to shoot unless some demand made by the assaulting party is complied with cannot be held to be a felonious assault with intent to kill and murder, for the reason that the intent is in the alternative and is coupled with a condition, and therefore there is no specific intent to kill, which is necessary to sustain a conviction on that charge. It was argued that the condition which accompanies the threat negatives the existence of that positive and specific intent which is a necessary element of the offense charged. We held that one who unlawfully points a loaded revolver at another within shooting distance, in a threatening manner, is guilty of an assault, and although the assailant is prevented from carrying out his felonious purpose by the intervention of some fact not of his own will, the offense is nevertheless complete, whether the weapon is discharged or not. The holding is in accord with the great weight of authority in other jurisdictions. There is some conflict as to whether or not it is essential to the offense that the gun be loaded, but there is a general agreement that the pointing of a loaded gun under the circumstances stated is an assault. Thus, in *People* v. *Silva*, 143 Cal. 72, 76 Pac. 814, it was held that the pointing of an unloaded gun at the prosecuting witness, accompanied by a threat to shoot him, without any attempt to use it otherwise, is an assault with a deadly weapon. To the same effect are the decisions in *State* v. *Napper*, 6 Nev. 113, and *Fastbinder* v. *State*, 42 Ohio St. 341. But in *Commonwealth* v. *White*, 110 Mass. 407, it was held that if one menacingly points a gun at another, and the latter has reasonable cause to believe it is loaded and is thereby put in fear of immediate bodily injury, the offender is guilty of an assault although he knows that the gun is not loaded. Similar holdings are found in *Beach* v. *Hancock*, 27 N. H. 223, *State* v. *Shepard*, 10 Iowa, 126, and *State* v. *Smith*, 2 Humph. 457. There are authorities hold-

ing that it is not necessary for an indictment or information to allege that the gun is loaded in order to properly charge an assault, and that the fact, if it be a fact, the gun is not loaded is a matter of defense. (*State* v. *Herrin,* 12 Mont. 240, 29 Pac. 819; *People* v. *Doud,* 223 Mich. 120, 193 N. W. 884.) It will thus be observed that it is the consensus of judicial opinion that facts such as were shown in this case constitute an assault, and we see no good reason to recede from our holding in *People* v. *Connors, supra.*

The judgment is therefore affirmed.

*Judgment affirmed.*