(No. 22569.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR ROCKWOOD, Plaintiff in Error.

*Opinion filed October 22, 1934—Rehearing denied Dec. 13, 1934.*

BENJAMIN C. BACHRACH, (WALTER BACHRACH, and ARTHUR MAGID, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and J. J. NEIGER, (EDWARD E.
WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of
counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error complains of a judgment of the crim-
inal court of Cook county against him finding him guilty
of an assault with intent to rob and sentencing him to the
penitentiary for a period of from one to fourteen years.
The ground of his complaint is that the evidence does not
show that he committed an assault. The indictment charged
that he made a felonious assault on one Hyman Warshan
with intent to rob him.

Warshan testified that on December 20, 1933, at about
three o'clock in the afternoon, having collected a bill on
the third floor of an apartment building at 3400 Wabash
avenue, he started down the stairs to return to the street,
and while on the stairs leading from the second to the
first floor he met plaintiff in error, who thrust his right
hand forcibly into the left side of the witness and said,
"Stick 'em up." As the witness raised his arms plain-
tiff in error started to go through his pockets with his
left hand. The pressure of plaintiff in error's right hand
against his side caused the witness to move slightly and
plaintiff in error's hand to slip, and the witness looked down
and saw that plaintiff in error did not have a gun, where-
upon he seized his hand and pushed him down-stairs into
the arms of two police officers who had just entered the
vestibule of the building. Police officer John Thomas
corroborated Warshan as to the latter's bringing plaintiff
in error down the steps, and testified that at that time
Warshan said, "This man is trying to hold me up." He
also testified that plaintiff in error had his right hand in
his overcoat pocket and had in his hand a knife, the blade
of which was closed.

Plaintiff in error testified in his own behalf. He admitted the arrest and that he saw Warshan, but denied telling him to "stick 'em up" or that he put his hand to the side of Warshan. He admitted having served a term in Joliet for the crime of robbery with a gun, and on cross-examination also admitted that the police found his knife in his right-hand coat pocket but denied that he had it in his hand. The argument of plaintiff in error's counsel is, that while there was evidence tending to prove that he made an attempt to rob Warshan, the evidence fails to show an assault of any kind was made upon Warshan; that there was no proof of present ability on the part of plaintiff in error to commit a violent injury on the person of Warshan as an assault is defined by the statute. In *People* v. *Ryan,* 239 Ill. 410, cited by plaintiff in error, it was held that placing a newspaper under the chin of the victim and attempting to extract a diamond stud of the value of $600 from his tie was not an assault with intent to commit the crime of robbery, because there was no evidence to justify a finding that there was any intent to obtain the stud by violence, which would constitute robbery. Robbery, however, may be committed not only by violence but by intimidation, and in the case before us there is evidence that the stairway where the crime was committed was somewhat dark, and plaintiff in error thrust his hand into the left side of complaining witness and said, "Stick 'em up." The fact that Warshan raised his arms is evidence that he was intimidated. Proof of an assault with intent to rob him by intimidation is sufficient to sustain the judgment in this indictment. The court before whom the hearing was had was justified by the facts and circumstances proved, in finding that plaintiff in error was guilty of an assault with intent to rob.

In *Wells* v. *State,* 108 Ark. 312, 157 S. W. 389, Wells was indicted for an assault with intent to kill. He was found guilty of a simple assault. On review he questioned

the sufficiency of the evidence to sustain the verdict. The assault was alleged to have been committed with a knife, and the accused argued that the proof showed that he was never closer than from seven to ten feet from the complaining witness and did not have present ability to inflict injury with a knife, and it was held that the statute as to an assault, similar to ours, did not contemplate that any act of violence shall have been actually inflicted, but only that it be attempted under such cirumstances as to make the infliction of the injury a reasonable probability.

The statute in this State (Smith's Stat. 1933, chap. 38, par. 55,) defines an assault as "an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another." The complaining witness testified that defendant thrust something in his side and told him to hold up his hands. He was pressing so hard that witness gave way and looked down. The charge in this case was assault with intent to rob. A violent injury may be committed upon another without the use of an instrument, and it would be limiting the definition of an assault with intent to commit robbery to too narrow a scope to say that the fact that plaintiff in error did not have a pistol in his possession would prevent proof of an assault with intent to rob. (*People* v. *Henry,* 356 Ill. 141.) His actions in attempting to go through the pockets of the complaining witness are proof of his intention.

It cannot be doubted that the actions of the complaining witness proved that he was put in fear of being shot if he did not comply with the demands of plaintiff in error. It was only after he had put up his arms that he discovered that plaintiff in error did not have a gun. We are of the opinion that the proof is sufficient to establish the charge of assault with intent to rob.

The judgment was right and is affirmed.

*Judgment affirmed.*