(No. 25566.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE DOWNEN, Plaintiff in Error.

*Opinion filed June 14, 1940.*

M. C. Cook, and E. H. Wegener, (Leslie A. Cranston, of counsel,) for plaintiff in error.

John E. Cassidy, Attorney General, Walter J. Schuwerk, State's Attorney, and A. B. Dennis, for the People.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff in error, Clarence Downen, was convicted in the circuit court of Randolph county, Illinois, of the crime of assault with intent to kill, and sentenced to the penitentiary. He claims the evidence does not show him to be guilty beyond a reasonable doubt and that error was committed in admitting certain improper evidence and in refusing certain instructions offered by plaintiff in error.

About 11:00 o'clock P. M. on April 11, 1939, the complaining witness, Elmo Morrison, a deputy sheriff, received information which caused him to make a search for Downen. Morrison drove to the residence of Alex Barber, the night marshal of Sparta, and together they drove to a roadhouse west of town. Arriving at the tavern they saw a car which they thought to be that of Downen and followed it for

some distance. Finding they were mistaken they drove back to the tavern, and seeing another car which looked like Downen's starting toward Sparta, followed it. Neither officer was in uniform, nor did they know that Downen was in the car. They followed the car toward Sparta and pulled up beside it, and it was claimed that Barber yelled loudly, "Pull over and stop; it is the law." Two or three like attempts were made to stop the car and Downen says he was forced off the road and finally Barber, at the direction of Morrison, fired and punctured one of the rear tires of the Downen car, causing it to stop. According to the officers, before this took place and while they were practically beside the Downen car, the latter fired two or three pistol shots from the left window, in their direction, but according to Downen he did not shoot until he heard the shot directed at the rear tire of his car, and then did so only to frighten away the pursuers. The car driven by Downen was a 1929 Ford and that of the officers a 1938 Plymouth. After Downen stopped he was taken in charge by the officers and his pistol taken away from him. Plaintiff in error claims he had $275 in cash on his person and did not know the men pursuing him were officers; that there was nothing about the car or in the apparel of the officers from which he could identify their official character had he been able to see them, and that he was unable to hear what was said because of the noise made by the two automobiles. He testifies he saw only the lights of the car coming up and that the Morrison car bumped him two or three times during the course of the encounter. This is not denied by the officers. There was no proof that any crime had been committed by plaintiff in error, or that any warrant had been issued for his arrest, or, in fact, that the complaining witness knew anything except that he had information causing him to go out and look for Downen. Evidence was offered by the People tending to show the reputation of plaintiff in error for truth and veracity was

bad, but this was rebutted by testimony on the part of plaintiff in error that such reputation was good.

No one was injured in the encounter and no bullets are shown to have struck the car of the officers although they were side by side within a few feet of each other. The facts thus presented raise the question of whether, taking the testimony admitted to be true, there was sufficient to prove, beyond a reasonable doubt, that plaintiff in error was guilty of the crime of assault with intent to commit murder.

The rule is well settled that in an indictment for an assault with intent to commit murder the allegation of the intent with which the assault was committed is material and the People must prove the specific intent alleged beyond a reasonable doubt. (*People* v. *Gilday,* 351 Ill. 11.) It is equally well settled that to sustain the charge of assault with intent to commit murder such facts must be proved that if death had resulted from the assault the assailant would have been guilty of murder. (*People* v. *Brown,* 288 Ill. 489.) The officers' testimony does not show they intended to arrest Downen or that they even knew he was in the car they were pursuing. Downen testifies he did not know who they were; that he could see neither the car nor the persons, nor hear what they said, and with both cars moving 35 to 40 miles an hour, one of them ten years old, it is not unreasonable to suppose he was unable to understand what was being said, and with a considerable sum of money upon his person it was quite natural he would be apprehensive as to who was pursuing him and for what purpose. Under quite similar circumstances we have held that assault with intent to commit murder is not sustained by evidence that the defendants shot at a police officer who began pursuing them without a warrant and who fired the first shot, where it is not shown, beyond a reasonable doubt, that the defendants knew their pursuers were policemen, and there is no proof that defendants had been guilty of

any crime or unlawful conduct. (*People* v. *Brown, supra.*) The mere facts that the complaining witness was a deputy sheriff and his companion a policeman do not aid the prosecution unless such facts were known to the plaintiff in error at the time the shots were fired. *People* v. *Bissett,* 246 Ill. 516; *People* v. *Lavac,* 357 id. 554.

In ascertaining the intent alleged, the test to be applied is whether, if a homicide had occurred under the same cirsumstances, it would justify a conviction of murder, for if the homicide under such circumstances would be manslaughter or an excusable homicide, the intent necessary is absent, without which no conviction may be had. *People* v. *Brown, supra.*

The cases of *Conn* v. *People,* 116 Ill. 458, and *People* v. *Browning,* 321 id. 559, cited by defendant in error, are not in point because in both of them there was evidence tending to show a deliberate attempt to kill a specified person.

The facts adduced by the People not only leave doubt as to whether the plaintiff in error knew that Morrison, whom he is alleged to have intended to kill, was in the car, but also whether there was an actual intent to kill anyone, and further doubt as to whether, under the circumstances, if death had resulted, it would not have amounted to manslaughter or excusable homicide.

The People also urge that plaintiff in error could have proved his general reputation as a law abiding citizen. He was not required to do this. The law presumes it. *People* v. *Haas,* 293 Ill. 274.

Where a verdict is returned by a jury in a criminal case, it is the duty of a reviewing court to carefully consider the evidence, and if it is not sufficient to remove all reasonable doubt of defendant's guilt and to create an abiding conviction that he is guilty, the judgment should be reversed. (*People* v. *Fontana,* 356 Ill. 461.) Such a situation is presented by this record.

Plaintiff in error excepted to the refusal to give his instruction No. 5 which told the jury that it was its duty to give the defendant the benefit of the presumption of innocence throughout the trial and to explain the evidence against the defendant upon the hypothesis that he was not guilty if it could reasonably and consistently do so in the light of all the evidence. This was a proper instruction. (*Larrance* v. *People,* 222 Ill. 155.) The motion for new trial was in writing and did not assign the refusal to give this instruction as error and, consequently, it was waived. *People* v. *Hatcher,* 334 Ill. 526; *People* v. *Petrilli,* 344 id. 416.

The judgment of the circuit court of Randolph county is reversed.

*Judgment reversed.*