(No. 32144.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAZEL CARTER, Plaintiff in Error.

*Opinion filed November 27, 1951.*

JAMES Y. CARTER, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Hazel Carter was indicted at the March, 1950, term of the criminal court of Cook County on three counts. She was charged in the first count with assault with a dangerous weapon with intent to murder, in the second with assault with a dangerous and deadly weapon with intent to inflict bodily injury, and in the third count with an assault with a sharp instrument with intent to inflict a bodily injury. Upon a plea of not guilty, she was tried before a jury and convicted of assault with intent to murder and sentenced to the Women's Reformatory at Dwight for a term of not less than one and not more than three

years. She now prosecutes this writ of error contending that the State failed to prove beyond a reasonable doubt that she was guilty in the manner and form charged in count one of the indictment, and that the court erred in rejecting certain evidence offered by the defense.

The pertinent facts set forth in the record show that on February 18, 1950, at about 11 o'clock in the evening, Virginia Jackson, mother of the complaining witness, and Lottie Adams, a friend, were engaged in conversation while standing in the common vestibule of a building having two addresses, 4015 and 4017 South Park Avenue, in Chicago, Illinois. The plaintiff in error, Hazel·Carter, entered the vestibule from the 4015 side of the building. Soon thereafter an argument developed between Virginia and Hazel, during the course of which several uncomplimentary remarks passed between the parties. Dorothy Carter, the complaining witness, was summoned for the ostensive purpose of disengaging her mother from the dispute. She, too, entered into the argument by demanding that Hazel refrain from addressing Virginia in insulting epithets. Several other persons, summoned by the noise of the dispute, arrived on the scene. Among them was one Charles Hughes, who, in the interests of peace, did attempt to take Hazel up the stairs to the second floor. As he did so, Hazel, by her own admission, struck at Dorothy with a small pocket knife by reaching over the shoulder of Hughes. Dorothy thereby sustained a cut just over her left eye. This laceration was treated thereafter at the county hospital and later necessitated the removal of Dorothy Carter's left eye.

The first error urged by the plaintiff in error is that the evidence failed to prove beyond a reasonable doubt the elements necessary to sustain a conviction of assault with a deadly weapon with intent to commit murder. She bases her position on the assertions that the State failed to prove the use of a deadly or dangerous weapon, and failed to show the specific intent necessary to sustain such charge.

Several of the witnesses testified that they saw a knife in Hazel Carter's hand, and she, herself, admitted while on the stand that she had a knife and that she "cut" Dorothy Carter. Hazel even described the knife as a small pocketknife having a white handle and two blades, the longest being two inches in length. The plaintiff in error contends that the knife being only a pocketknife is not, and cannot be considered, a deadly or dangerous weapon. A deadly weapon is not necessarily one manufactured for the special purpose of taking animal life, nor need it be of any certain size or description. This court has defined a deadly weapon as "an instrument that is used or may be used for the purpose of offense or defense and capable of producing death. Some weapons are deadly *per se,* others, owing to the manner in which they are used, become deadly. A gun, pistol or dirk-knife is itself deadly, while a *small pocket knife,* [emphasis supplied] a cane, a riding whip, a club, or baseball bat may be so used as to be a deadly weapon." (*People* v. *Dwyer,* 324 Ill. 364.) Those instrumentalities not considered deadly *per se* may thus clearly become such by the manner in which they are used. *Acers* v. *United States,* 164 U.S. 388; *McNary* v. *People,* 32 Ill. App. 58; *Schwarz* v. *Poehlmann,* 178 Ill. App. 235.

It is contended by the plaintiff in error that there has been no proof by the State of the specific intent necessary to support a charge of assault with intent to murder. Specific intent is by definition an essential element of the offense charged and must be proved beyond a reasonable doubt. While considering the proof of such intent in *Weaver* v. *People,* 132 Ill. 536, this court found, "It is not requisite or necessary, however, that the party charged should have brooded over the intent, or entertained it for any considerable time. It is sufficient if, at the instant of the assault, he intended to kill the party assaulted; or it will be enough if he is actuated in making the assault by that wanton and

reckless disregard of human life that denotes malice, and the assault is made under such circumstances that if death had ensued the killing would have been murder." *People* v. *Simmons,* 399 Ill. 572; *People* v. *Merritt,* 367 Ill. 521; *People* v. *Osborne,* 278 Ill. 104.

The necessary element of malice may be either express or implied, as where the fact has been attended with such circumstances as to evince a plain indication of a reckless heart and mind. (*People* v. *Wilson,* 342 Ill. 358; *Conn* v. *People,* 116 Ill. 458.) There is a presumption that a sane person intends all of the natural and probable consequences flowing from his own deliberate act. (*People* v. *Simmons,* 399 Ill. 572.) Thus, if the direct and natural tendency of one's act is the destruction of the life of another, the natural conclusion is that the destruction of the other's life was intended.

The blow delivered by the plaintiff in error struck Dorothy Carter on a vital part of her body, that being her head. It is evident that had the blow landed at any one of the several more vital places on Dorothy's head, death could easily have resulted. The jury was justified in finding that from the reckless nature of the deliberate attack by Hazel Carter upon the person of Dorothy Carter, evident of a malicious and abandoned heart, the specific intent necessary to support the charge was present. Hazel acted on the impulse to do injury to Dorothy. She so acted while having in her hand an open pocketknife. The blow was aimed at random over the shoulder of Charles Hughes, to do whatever mischief it might upon contact with the victim. The instrument used, while not by definition deadly *per se,* became such a deadly weapon when put to the use here employed. Such reckless disregard of human life is not to be condoned and the consequences of such an act clearly give rise to the presumptive intent. Had the act here performed resulted in a killing, the malicious action, together with the intent arising from this reckless use of a danger-

ous weapon could have resulted in a charge of murder. The record presents sufficient evidence to prove all elements of the charge, and the jury was thus justified in finding the defendant guilty beyond a reasonable doubt. This court will not disturb the verdict of a jury where the evidence is sufficient to support its determination. *People* v. *Smith,* 404 Ill. 125.

The second error urged is that the trial court erred in refusing to allow the jury to hear evidence bearing on the issue of whether the injury was of such character as to warrant the inference of an intent to commit murder, because the jury might believe that the loss of the eye by the prosecuting witness was the result of her failure to allow reasonable treatment, rather than the injury itself. The plaintiff in error offered to prove by a witness that a doctor at the hospital where the victim was taken for medical treatment told her that if she left there they promised nothing, but if she would stay she would have only a small scar. This conversation has no bearing on the case, and is highly improper and immaterial. There is no merit in this contention by the plaintiff in error, since it was not a question of what injuries were sustained, but whether the evidence proved the crime of assault with a deadly weapon with intent to commit murder. The specific intent required by the charge is found, not from the nature or seriousness of the injury inflicted, but from the proof of the reckless character and manner of the assault, the instrument made use of by the assailant, and the other facts and circumstances shown by the evidence as indicating a malicious heart and mind. Therefore, no error was committed by the court in excluding the evidence offered by the defense.

We are of the opinion that the defendant in this case has had a fair trial, free from prejudicial error, and this court will not disturb a verdict of guilty on the ground that the evidence is not sufficient to convict unless the evi-

468

dence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to justify us in entertaining a reasonable doubt as to the defendant's guilt. We are not warranted in interfering with the judgment of the trial court, and the same will therefore be affirmed.

*Judgment affirmed.*