**People of the State of Illinois, Plaintiff-Appellee,
v. Vernell J. Hasty, Defendant-Appellant.**

Gen. Nos. 54,322, 54,323.

First District, Second Division.

July 21, 1970.

Leonard Karlin, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Thomas Holum, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the crimes of theft and aggravated assault, and was placed on probation for a period of one year, the first ninety days of which were to be served at the Illinois State Farm at Vandalia. He appeals.

Defendant made an oral pretrial motion to suppress evidence. A hearing was held on the motion at which the following evidence was adduced:

Frank Cristoff testified that on February 17, 1969, he was employed as a security guard at the Wieboldt Department Store located at 63rd and Green Streets in Chicago. He observed the defendant and a second youth enter the store and proceed to the music record department. The second youth was carrying a shopping bag bearing the advertising of another department store, and from a distance of about thirty-five feet away, the wit-

ness observed the defendant place approximately eight record albums into the shopping bag. The two youths were in the record department about four minutes, after which the second youth left the store with the shopping bag containing the albums without paying for them. He was followed by the witness' partner, a fellow security guard employed by Wieboldt Department Store, but the youth was not apprehended.

The defendant then left the store, also without paying for the albums, and was followed by the witness. About a half block from the store, the witness stopped the defendant and identified himself. Mr. Cristoff testified that defendant became belligerent, reached into his pocket and drew out a straight razor. The witness' partner, who had been standing behind the defendant, took hold of the defendant and wrested the weapon from him. Defendant's motion to suppress the evidence of the razor was denied and defendant thereupon proceeded to trial on both charges.

At the trial, Mr. Cristoff's testimony was essentially the same as that given at the hearing on the motion to suppress. In addition, the witness testified that the defendant had made no purchases at the store during the period of defendant's presence in the store. He also testified that the second youth did not pay for the albums before he left the store, and that after the witness' partner went in pursuit of the second youth, the defendant hesitated a moment and then left the store. Mr. Cristoff testified that when the defendant was eventually stopped on the street and after the witness and his partner had identified themselves, the defendant became belligerent and stated, "I didn't do nothing and I am not going back," at which point he went into his pocket and pulled out a razor. Cristoff testified that he "backed off" from the defendant when the razor was drawn, and that his partner then grabbed the defendant from the rear and wrested the weapon from

him. The witness stated that the second youth, who was carrying the shopping bag, was not located and that the record albums put into the shopping bag by the defendant were likewise not found.

Defendant testified in his own behalf and stated that he arrived at the store on the day in question with a youth named Elwin Tate. The defendant stated that he purchased a sketch pad at the store and then joined Tate in the record department. He testified that he gave Tate the sketch pad to drop off at his (defendant's) home because the defendant was not returning home immediately. He testified that he and Tate then browsed through the records in the record department, but that he did not pick up any albums. Tate thereafter left the store and the defendant went to the ladies' stocking department and then to the candy department to purchase something for his wife, after which he left the store. When he reached 63rd and Halsted Streets, he was accosted by two men who grabbed him and stated that they wanted to talk to him. The men took the defendant back to the store, where they beat him and removed the razor from his jacket pocket. Defendant testified that he did not draw the razor from his pocket, and that he carried it for protection against gang members. Defendant also denied participating with Tate in removing record albums from the store.

Defendant first contends that the trial court erred in denying his motion to suppress the evidence of the razor for the reason that he was not lawfully under arrest at the time that the weapon was seized from him. He contends that a private person may effect an arrest only when he has reason to believe that an offense is being committed, and that in the instant case the arrest was not effected until after the defendant had departed the store, "empty-handed."

■ Section 10-3 of the Criminal Code provides that a merchant, his agent or employee, who has reasonable

grounds to believe that a person has, inter alia, wrongfully taken merchandise from the establishment, may detain such person in a reasonable manner and for a reasonable length of time to investigate the matter; the section further provides that such detention shall not constitute an arrest. Ill Rev Stats 1967, c 38, par 10–3(c).

 Mr. Cristoff, a Wieboldt Department Store employee, testified that he observed the following sequence of events: the defendant and a second youth entered the store and proceeded to the record department; the defendant began placing record albums into a shopping bag carried by the second youth; the second youth left the store without paying for the albums; and the defendant followed shortly afterwards, likewise without paying for the albums. The witness clearly had reasonable grounds to follow the defendant out of the store and to stop him for the purpose of investigation. At that point, however, the defendant became belligerent, stated that he was not returning to the store, and drew a straight razor from his pocket. Defendant thereby committed a separate and distinct crime, that of unlawfully displaying a dangerous weapon, which was thereupon properly seized by the witness' partner. Ill Rev Stats 1967, c 38, par 107–3.

Defendant also contends that his guilt was not proved beyond a reasonable doubt as to both charges. He first argues that the corpus delicti of the crime of theft was not proved because the record albums which were allegedly taken from the store were not produced, and that if any theft was committed, it was committed by the second youth who was not apprehended.

██ ██ The People's evidence showed that defendant was an accomplice in the theft by assisting his companion in removing the records from the store. He placed the albums in the shopping bag held by the other youth. Ill Rev Stats 1967, c 38, par 5–2. Further, it has long

been held that the testimony of a single witness, where credible, will be sufficient to sustain a conviction, although that testimony is contradicted by the accused. People v. Davis, 70 Ill App2d 419, 218 NE2d 3. Consequently, the fact that the second youth was not apprehended and the records taken not produced is immaterial. See People v. Pendleton, 75 Ill App2d 314, 221 NE2d 112.

As to the conviction for aggravated assault, the defendant argues that there is no evidence that Mr. Cristoff was placed in fear when the razor was removed, and no evidence that the razor was open.

■ ■ Frank Cristoff testified that he was standing two and one-half to three feet from the defendant at the time the weapon was drawn. He testified that the defendant "became belligerent" prior to drawing the weapon, and that he "backed off" from the defendant when the weapon was drawn. Further, it cannot be denied that a straight razor falls into the category of a "deadly weapon" as contemplated by law. (People v. Carter, 410 Ill 462, 465, 102 NE2d 312.) From this evidence, the trier of fact could reasonably have found that the witness had been placed in fear of being seriously injured by the defendant. See People v. Rice, 109 Ill App2d 391, 248 NE2d 745; People v. Preis, 27 Ill2d 315, 318, 189 NE2d 254.

For these reasons the judgments are affirmed.

Judgments affirmed.

McCORMICK, P. J. and LYONS, J., concur.