THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE SCOTT, Defendant-Appellant.

(No. 55027; ▮▮▮▮▮▮▮▮▮▮

First District—January 7, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Stanley Sacks, Nunzio Dan Tisci and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James E. Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSE CHARGED*

Possession of heroin and conspiracy to sell heroin. Ill. Rev. Stat. 1967, ch. 38, pars. 22—3 and 8—2.

*JUDGMENT*

After a bench trial, defendant was found guilty of possession of heroin and sentenced to a term of two to six years. Defendant was found not guilty on the conspiracy charge.

*CONTENTION RAISED ON APPEAL*

The court erred by admitting into evidence a tinfoil packet of narcotics which the arresting officer could not identify as having been taken from defendant.

*OPINION*

Defendant contends that the State failed to establish an unbroken chain

of possession of the tinfoil packet of heroin from defendant to the police chemist. His argument is based on the following evidence.

On May 29, 1968, at approximately 11:45 P.M., Officer Raymond Westbrook and his partner, Detective James Arnold, arrested defendant in the vicinity of 326 E. 43rd Street. After the arrest, Westbrook searched defendant and recovered a tinfoil packet containing a white powder. Westbrook placed his initials on the packet and put it inside a larger envelope which he sealed and signed. Westbrook then submitted the sealed envelope to the Chicago Police Department Laboratory.

A chemist for the laboratory, Shirley Krause, testified that on the next day, she removed the sealed brown envelope from the laboratory safe, marked it with her signature, the date, the time, and her reason for opening the envelope. She then opened the envelope and found a tinfoil packet inside. Next, she opened the tinfoil packet, tested its contents, and determined that the white powder substance inside the packet was heroin.

Before resealing the tinfoil packet, she wrote the laboratory case number on both the brown envelope and the tinfoil. She wrote the weight of the powder, the date it was tested, and her initials on the tinfoil but not the envelope. Then she placed Scotch tape over her writing on the foil so that the evidence would remain intact and her writing would not be obliterated. She testified that she could not recall if there had been any writing on the tinfoil before she examined it.

At trial, neither Westbrook nor Arnold was able to find Westbrook's initials on the tinfoil packet. Attempts to find initials under the tape were defeated when the tape could not be removed from the packet. Defendant maintains that by its inability to show Westbrook's initials on the tinfoil, the State failed to show the continuous chain of possession which is necessary to establish a proper foundation for admission of the packet into evidence.

We believe that an unbroken chain of possession was adequately established by that part of the evidence which is not in dispute. The tinfoil packet was taken from defendant by the officers and sealed in a larger brown envelope. The sealed envelope was then delivered by them to the Police Laboratory where it was placed in a safe. The next morning, the same brown envelope, still sealed, was removed from the safe by Miss Krause, opened, and found to contain a tinfoil packet which held an amount of heroin. The brown envelope, tinfoil packet, and heroin were placed in a larger envelope by Miss Krause and were positively identified by her at the trial. The failure of the officers to make a positive identification of the tinfoil packet—particularly under the circumstances of the taping of the foil—does not show that the continuity of possession has

been interrupted. See *People v. Cain*, 35 Ill.2d 184, 188, *cert.* denied 385 U.S. 1042.

In *People v. Judkins*, 10 Ill.2d 445, the court faced a similar contention by defendant when the arresting officer could not identify a tinfoil packet containing heroin allegedly taken from defendant.

"A rule that required not only that continuity of possession be established, but also that there be positive identification by everyone concerned, would impose an unnecessary burden, while it would not assure a fairer trial to the accused. Continuity of possession is as effective to guarantee identity as are identifying marks or labels. Indeed, since identifying marks may be fabricated at a later date, continuity of possession, which requires proof of delivery, presence and safe keeping, is more readily subject to verification." (P. 448.)

There was no suggestion of tampering, alteration or substitution in this case, and we conclude that the heroin evidence was properly admitted. *People v. Anthony*, 28 Ill.2d 65, 69. See also *People v. Norman*, 24 Ill.2d 403, 407.

The judgment is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.