THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY BANKS, Defendant-Appellant.

(No. 58820;

First District (1st Division)—February 4, 1974.

Paul Bradley, Deputy Defender, of Chicago (Howard B. Augustus, Assistant Appellant Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Anthony Banks (defendant) was found guilty of theft (Ill. Rev. Stat. 1971, ch. 38, par. 16—1) after a bench trial and was sentenced to nine months at the state penal farm. On appeal, he contends that the evidence was insufficient to support the conviction and that the court considered evidence presented without proper foundation. The People urge that the evidence is sufficient and that no error was committed in connection therewith.

A clerk from a local department store testified that he saw a man named Richardson (tried with defendant and acquitted) take a man's green leather coat from a rack in the store and hand it to defendant. Richardson was then wearing a brown coat. Defendant draped the green coat on his arm and both men ran outside. The witness chased them. He next saw the two men in the custody of the police outside the store. The clerk testified that the coat was a "$75 coat" and that it had a price tag in this amount with the name of the department store thereon.

A police officer testified that he saw defendant and Richardson running from the store to a parked car, heard shouts, "'Stop them", and arrested the men. On cross-examination, the officer stated that Richardson was seated at the driver's seat. He testified that the coat was found in the car and recovered. At that time, the coat had a tag with the name of the store on it, with the price of $125, and below this the price of $75. The police officer also arrested a third man, named Hill, whose case was set for another day.

The officer testified that he took the coat, inventoried it and put it in the police custodian's office. The coat was produced in court and identified by the police officer and the store clerk. At that time, there was no tag appended to the coat. The clerk testified that the tag "fell off some kind of way."

The codefendant Richardson testified that he was driving the automobile and he met defendant and a third man named Hill. The former was wearing a brown leather coat. They asked him for a ride west. He agreed but first went to another shop in the vicinity. He denied that he

visited the department store in question. When he returned, defendant and Hill were sitting in his automobile and the officer then took them into custody with a remark about a lady's purse having been snatched. The officer denied that he made this remark.

Defendant testified that he had gone into the store with the third man named Hill, who then had possession of the green leather coat in question and wore it all the time. He and Hill went to another floor in the department store to price a bicycle and then left. After they entered the automobile, the officer accosted them with a remark about a lady's purse. On rebuttal, the officer testified that, after being given proper warnings, the defendant said to him, in substance, that he would take the entire blame if the officer would release the other defendants.

■■ The evidence is clear and definite in showing the taking and asportation of the coat by defendant. Beyond that, the record presents only questions of credibility. In our opinion, the evidence is not so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt as to defendant's guilt. (*People v. Catlett,* 48 Ill.2d 56, 64, 268 N.E.2d 378.) An example of the application of the general rule regarding reasonable doubt in a bench trial involving a charge of theft is *People v. Kaprelian,* 6 Ill.App.3d 1066, 1072, 286 N.E.2d 613.

Furthermore, the rebuttal testimony of the police officer, regarding defendant's offer to accept the entire blame for the theft, is strong evidence in support of the finding of guilty. (See *People v. Morehead,* 45 Ill.2d 326, 330, 259 N.E.2d 8.) This strongly incriminating evidence was not denied by defendant.

■■ Defendant urges that the court erred in receiving testimony regarding the inscription on the missing tag on the theory that this is contrary to the best evidence rule. Defendant cites *People v. Wells,* 380 Ill. 347, 44 N.E.2d 32, involving photographic evidence. That case is inapposite here. The value of the coat was sufficiently proved by the testimony of the store clerk. The evidence regarding the contents of the tag was therefore cumulative and its receipt, if erroneous, was harmless error. In addition, no objection to the contents of the missing tag was raised by defendant in the trial court. The issue was therefore waived. *People v. McCorry,* 51 Ill.2d 343, 351, 282 N.E.2d 425.

■■ Defendant's argument that the evidence was insufficient to show an unbroken chain of possession of the coat itself is similarly invalid. There are situations in which the State is required to negate the possibility of tampering or substitution as regards tangible articles received as demonstrative evidence. This is shown in cases such as *People v. Brown,* 3 Ill.App.3d 879, 279 N.E.2d 382, cited by defendant, which involved an open bottle of whiskey allegedly found on the floor of an automobile in

a prosecution for operating a motor vehicle while intoxicated. The proper principle to be applied in the case before us is that "in the absence of any indication or suggestion of substitution, alteration, or other form of tampering" (*People v. Wrona*, 7 Ill.App.3d 1, 5, 286 N.E.2d 370) reasonable protective techniques are sufficient. (See also *People v. Scott*, 3 Ill. App.3d 493, 279 N.E.2d 19, involving a packet of heroin.) In the case before us, the store clerk and the police officer identified the coat as having been taken by defendant and found with him in the automobile. The officer testified that the coat was taken to the police custodian and inventoried. It would be an unnecessary and intolerable burden to require production of official records and other police personnel to add to the evidence in a situation of this type.

Perhaps most important in this regard, there was no legal necessity for the People to produce the coat itself. The testimony of the store clerk and the officer was amply sufficient to prove the necessary elements of theft. Even if the coat had never been produced in court, that fact would have been legally immaterial. *People v. Hasty*, 127 Ill.App.2d 330, 335, 262 N.E.2d 292.

We are satisfied with the character and sufficiency of the evidence to prove guilt beyond reasonable doubt.

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.