THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARLENE OSWALD, Defendant-Appellant.

First District (3rd Division)   No. 78-1015

Opinion filed March 7, 1979.

James J. Doherty, Public Defender, of Chicago (Robert T. Badesch, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and Bruce Brandwein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant Arlene Oswald was charged with State violations of negligent driving and criminal damage to police property and with a city of Chicago disorderly conduct ordinance violation. After a trial without a jury, she was found guilty of all charges. Defendant was fined $100 and costs on the negligent driving and disorderly conduct convictions. She was placed on probation for one year and was fined $250 on the criminal damage to property conviction.

Defendant contends on appeal that she was not proved guilty of criminal damage to property because the State failed to show an unbroken chain of possession to the property; that the negligent driving conviction must be reversed and because the complaint cited a nonexistent section of the statute; that she was not proved guilty of disorderly conduct since it was not shown she acted unreasonably and offensively; and that the disorderly conduct complaint failed to inform her of the nature of the charge. The facts are as follows.

John Molnick testified that on June 21, 1977, his vehicle was involved in an accident at 64th Place and Kedzie in Chicago with a vehicle operated by defendant. Defendant was traveling at a high rate of speed on Kedzie and attempted to make a wrong-way turn into 64th Place.

When she applied the brakes, her vehicle "fan-tailed" in front of Molnick's vehicle. Defendant emerged from the vehicle and was abusive to the police officers.

Susan Fredericks testified that she walked over to the scene of the accident and saw defendant striking and yelling at a man. Defendant then struck and kicked the witness.

Officer Virgil Jones of the Chicago Police Department testified that defendant was taken to the police station after the disturbance at the scene. At the station, she had to be subdued because she attempted to attack Fredericks. Defendant then twice kicked a breathalyzer machine off its stand.

Defendant testified that she did not realize 64th Place was a one-way street. After her automobile was struck by Molnick's vehicle, a crowd assembled and was screaming at her. Defendant struck a man, but did not hit Fredericks. Defendant further testified she accidentally kicked the breathalyzer machine over; she did not know whether she kicked it over once or twice. She was told the machine was not broken. Ann Roberts, a friend of defendant's, testified she was told that defendant did not break the machine.

Defendant initially contends she was not proved guilty of criminal damage to property beyond a reasonable doubt because the State failed to show an unbroken chain of possession as to the damaged property.

Officer Jones testified that the incident occurred at the 8th District Police Station. Jones stated that after defendant kicked the machine off its stand twice, some hinges fell off and the machine would not function properly. He also stated that he did not personally know if the machine was damaged. The standard procedure was that an evidence technician would bring the machine to an expert for examination and repair.

Thomas Dwyer testified that he was a breath analysis equipment technician and that on June 22, 1977, he began repair of the breathalyzer machine. Dwyer picked the machine up at the police laboratory. An evidence technician had delivered the machine to the laboratory, but Dwyer had not witnessed the delivery. Dwyer stated the machine was from the 8th District Police Station. The hinges had popped off, and the drawing board instrument was completely dislodged from its fittings. The machine was not introduced into evidence.

■■ In order to avoid tampering or substitution of evidence, the State has the burden of establishing a continuous chain of possession to build a foundation for admission of physical evidence. (*People v. Brown* (1972), 3 Ill. App. 3d 879, 279 N.E.2d 382.) In this regard, the State must demonstrate reasonable protective techniques. *People v. Banks* (1974), 17 Ill. App. 3d 512, 308 N.E.2d 247.

■■ ■ In the present case, the State proved an unbroken chain of

possession of the breathalyzer machine beyond a reasonable doubt. The evidence adduced by the State adequately accounted for the damage and continuous possession of the machine. Officer Jones observed defendant kick the machine off its stand twice. Jones also stated that the machine did not function properly thereafter and that its hinges were knocked off. Additionally, Jones stated that standard procedure was to have the machine removed from the station by an evidence technician to have it examined and repaired by a specialist. An evidence technician transported the machine from the 8th District Police Station to the crime laboratory, then it was repaired by Dwyer. Dwyer confirmed Jones' testimony concerning the machine's hinges and also testified there was other damage to the machine. The testimony of the two witnesses was sufficient to prove the elements of the crime, and also demonstrated reasonable protective techniques in the transport and possession of the machine. Defendant maintains that the damage to the machine may have occurred while the evidence technician was transporting it to the laboratory. This contention, however, overlooks the testimony of Jones that the hinges were knocked off and that it did not work properly after defendant kicked it.

Defendant next contends that her conviction for negligent driving must be reversed because the complaint referred to a nonexistent section of the statute.

The complaint in question cited an incorrect chapter and section of the Illinois Revised Statutes. In the trial court, defendant offered no objection to the defect, either before or after judgment.

Reference to an incorrect chapter and section of a statute in a complaint is regarded as a formal defect. (*People v. Parr* (1970), 130 Ill. App. 2d 212, 264 N.E.2d 850.) In the absence of prejudice, formal defects in a complaint do not warrant reversal of a conviction. (*People v. Vaden* (1974), 25 Ill. App. 3d 187, 323 N.E.2d 18.) Moreover, a formal defect in a complaint may be waived by defendant's failure to make a timely challenge. *People v. Long* (1977), 55 Ill. App. 3d 764, 370 N.E.2d 1315. In the present case, defendant has not demonstrated any prejudice resulting from the defect in the complaint. The language in the body of the complaint set forth the offense in some detail. This informed defendant of the offense charged with sufficient specificity to enable her to prepare a defense and to allow her to plead a conviction as a bar to future prosecution for the same conduct. The complaint in question sufficiently charged defendant with negligent driving.

Defendant finally contends that the complaint charging her with disorderly conduct was insufficient to inform her of the nature of the charge. She maintains, therefore, that a conviction based on that complaint cannot stand. We agree.

■■ Defendant was charged with a violation of chapter 193, paragraph 1(b) of the Municipal Code of the city of Chicago. The section recites that a person commits disorderly conduct when he knowingly "[d]oes or makes any unreasonable or offensive act, utterance, gesture or display which under the circumstances, creates a clear and present danger of a breach of peace or imminent threat of violence." The complaint in the present case is identical to the language of the ordinance. A complaint based on a disorderly conduct ordinance must describe and specifically set forth the acts which constitute the offense. (*People v. Lee* (1948), 334 Ill. App. 158, 78 N.E.2d 822.) The failure of the present disorderly conduct complaint to set forth such acts renders it fatally defective.

For the foregoing reasons, the judgments of conviction of the circuit court of Cook County as to criminal damage to property and negligent driving are affirmed; the judgment of conviction as to disorderly conduct is reversed.

Affirmed in part; reversed in part.

SIMON, P. J., and RIZZI, J., concur.