**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240025-U

Order filed June 25, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0025 Circuit No. 22-CM-1858 |
| BRANDON MANUEL SANTIAGO, | ) ) ) | Honorable Paul A. Marchese, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Davenport and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:   The State failed to prove defendant guilty of aggravated assault because it failed to prove he used a deadly weapon. The State proved defendant guilty of assault beyond a reasonable doubt.

¶ 2   Defendant, Brandon Manuel Santiago, appeals his convictions for assault and aggravated assault. Defendant argues that the State failed to prove him guilty of aggravated assault because it did not prove that he used a deadly weapon. He further argues that the State failed to prove him

guilty of assault because it did not prove that the victim was in reasonable apprehension of receiving a battery. We affirm in part and reverse in part.

¶ 3                                   I. BACKGROUND

¶ 4         The State charged defendant with assault (720 ILCS 5/12-1(a) (West 2022)), alleging that defendant approached Eduardo Cervantes's vehicle and threatened him. The State also charged defendant with aggravated assault (*id.* § 12-2(c)(1)), alleging that defendant pointed a deadly weapon, a knife, at Cervantes while threatening him. The matter proceeded to a bench trial.

¶ 5         The victim, Cervantes, testified that he was driving in the far-right lane and the two right lanes were moving slowly. He attempted to let another car in front of him but traffic came to a stop and the car was not able to complete the move. At that time, somebody "laid on their horn" like they were angry. He identified that person as defendant. Cervantes testified that defendant was attempting to get in the lane as well, when traffic came to a stop. Cervantes stated that traffic started moving again and then defendant pulled up next to him and brandished a knife. Defendant pulled up on his right side on the shoulder. Cervantes clarified that by brandished, he meant that he saw the knife and defendant made a stabbing motion. Defendant moved the knife in a stabbing motion four or five times. The knife was about four inches long. Cervantes did not remember if defendant's vehicle window was up or down, but Cervantes's window was up. Cervantes was afraid that defendant was going to hurt him when he made the stabbing motion. Cervantes stated that after defendant made the motion, he drove around and ahead of him. Cervantes called 911 and followed defendant. Defendant pulled into a parking lot and parked his car. Cervantes pulled into the parking lot but stayed about eight parking spots away from defendant. Defendant got out of his vehicle. Cervantes rolled down his window and told defendant he called the police. Defendant said to Cervantes, "*Do you want to die?*" When

2

defendant asked Cervantes this question, he had exited his vehicle and was walking in Cervantes's direction. Cervantes stated, "He was walking towards my direction but not at me \*\*\* I didn't feel threatened like he was coming at me at all. He just walked straight past me." The State asked, "And when he walked straight past you, he said *do you want to die*?" Cervantes replied that before he got real close he said, "*Do you want to die?*" The State asked, "when he said *do you want to die*, were you afraid then?" Cervantes said that he was. He clarified that he was afraid of getting stabbed and dying. Cervantes was afraid of getting stabbed because "He threatened me – he had brandished a knife before. I saw a knife and then he asked me if I wanted to die."

¶ 6        Trooper Jason Czub testified that he responded to a road rage incident. He encountered defendant who he described as agitated. Defendant acknowledged the road rage incident. Czub inquired if defendant had a knife and he acknowledged he did. The knife was in the front pocket of defendant's jeans. Czub described the knife as a "typical standard utility folding knife" that was no longer than three inches.

¶ 7        The court found defendant guilty on both counts. The court sentenced defendant to 18 months of reporting court supervision. Defendant filed a motion for new trial. The court denied the motion. Defendant appeals.

¶ 8                                    II. ANALYSIS

¶ 9        Defendant argues that the State failed to prove him guilty of aggravated assault beyond a reasonable doubt because it did not prove that the knife he used was a deadly weapon. He argues that the circumstances make clear that the knife was not a deadly weapon.[1] These circumstances

---

[1]As the resolution of this argument is dispositive, we need not reach the other arguments raised by defendant regarding whether the knife was a deadly weapon.

include the fact that defendant and Cervantes were both in their respective vehicles when he pulled out the knife and Cervantes's car window was rolled up. Defendant further argues that the State failed to prove him guilty of assault beyond a reasonable doubt because it did not prove that Cervantes was in reasonable apprehension of receiving a battery when defendant said, "do you want to die." He argues that words alone are generally not sufficient to support a conviction for assault. Further, defendant argues that Cervantes testified that he did not feel threatened when defendant walked toward him after making the statement.

¶ 10 When a defendant challenges the sufficiency of the evidence, "it is not the function of this court to retry the defendant." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Instead, we determine whether the evidence, viewed in the light most favorable to the State, would permit any rational trier of fact to find the elements of the offense proven beyond a reasonable doubt. *People v. Ross*, 229 Ill. 2d 255, 272 (2008). Under this standard, "a reviewing court will not reverse a criminal conviction unless the evidence is so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *People v. Rowell*, 229 Ill. 2d 82, 98 (2008). "It is the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *People v. Bradford*, 2016 IL 118674, ¶ 12. When a challenge to the sufficiency of the evidence "does not question the credibility of the witnesses, but instead questions whether the uncontested facts were sufficient to prove the elements of [the offense], our review is *de novo*." *In re Ryan B.*, 212 Ill. 2d 226, 231 (2004).

¶ 11 To establish assault, the State needed to prove that defendant, without lawful authority, engaged in conduct which placed Cervantes in reasonable apprehension of receiving a battery.

4

720 ILCS 5/12-1(a) (West 2022). To establish aggravated assault as charged, the State needed to prove that in committing an assault, defendant used a deadly weapon. *Id.* § 12-2(c)(1).

¶ 12    We conclude that the court erred by finding that defendant used a deadly weapon. Although a small pocketknife, even two inches in length, can be a deadly weapon based on the manner it is used, such knives are not *per se* deadly weapons. See *People v. Carter*, 410 Ill. 462, 465 (1951) (noting that a small pocketknife is not deadly *per se* but can be used as a deadly weapon and that "[t]hose instrumentalities not considered deadly per se may thus clearly become such by the manner in which they are used"). Here, defendant brandished a three- or four-inch knife and made a stabbing motion with it. However, both defendant and Cervantes were in their respective vehicles in busy traffic. Defendant's window may have been rolled up and Cervantes's window was rolled up. In these circumstances, the knife was not capable of producing death. See *People v. Blanks*, 361 Ill. App. 3d 400, 411 (2005) (stating that a deadly weapon "is an instrument that is used or may be used for the purpose of an offense and is capable of producing death"). This is in contrast to the situation in *Carter*, where the court determined a two-inch pocketknife was a deadly weapon when the defendant used it to stab at the victim's head. *Carter*, 410 Ill. at 465-66. In this matter, at the time defendant brandished the knife, he would not have been able to injure Cervantes through his car window with the knife, let alone kill him with it. Thus, although the knife defendant possessed could have been considered a deadly weapon in other circumstances, such as threatening Cervantes with the knife in the parking lot when his car window was down and defendant was walking towards Cervantes, it was not a deadly weapon when brandished by defendant when the two were in separate moving vehicles. See *e.g.*, *People v. Wethington*, 122 Ill. App. 3d 54, 54-55 (1984) (finding that although Illinois courts found that numchucks were not *per se* deadly weapons, the trial court did not err

5

by determining that numchucks were a deadly weapon in that matter, based upon the manner in which defendant used the numchucks—swinging them and hitting the wall by the victim's head). Cervantes could not have been in reasonable apprehension of being battered with the knife under the circumstances of this case. As such, the State failed to prove that defendant committed an assault with a deadly weapon, and we therefore reverse defendant's conviction for aggravated assault.

¶ 13        Turning to defendant's arguments regarding his assault conviction, we conclude that there was sufficient evidence for a rational trier of fact, here the court, to find that defendant placed Cervantes in reasonable apprehension of receiving an immediate battery. After having made stabbing motions with a knife minutes before, defendant, while walking in Cervantes's direction, asked if Cervantes wanted to die. Reasonable people would be apprehensive of receiving a battery based upon these facts and Cervantes testified that he was afraid of being stabbed. Although Cervantes initially testified that he did not feel threatened, he made this statement in describing how defendant was walking toward him. He then made it clear that he was afraid after defendant asked if he wanted to die, knowing that minutes earlier defendant had shown him a knife and made a stabbing motion with it. Based on this testimony, it could reasonably be concluded that Cervantes's statement about not feeling threatened did not mean that he never felt threatened. It simply meant that he did not initially feel threatened by the manner in which defendant was walking in his direction but then became afraid after defendant asked if he wanted to die while continuing to walk in his direction. Additionally, if we were to view Cervantes's testimony in this regard as conflicting, it was for court as the trier of fact to resolve the conflict. See *Bradford*, 2016 IL 118674, ¶ 12. As such, defendant's argument in this regard fails. Therefore, we affirm his conviction for assault.

¶ 14                                  III. CONCLUSION

¶ 15        The judgment of the circuit court of Du Page County is affirmed in part and reversed in

part.

¶ 16        Affirmed in part and reversed in part.