THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES P. SMITH, Defendant-Appellant.

(No. 70-211;

Third District—June 16 ,1971.

Theodore Jackson, of East Moline, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant-Appellant, Charles P. Smith, was charged in a criminal complaint with the offense of a simple assault. A jury found defendant guilty of the offense and the Circuit Court of Rock Island County imposed a sentence of a $500.00 fine.

In the early morning hours of May 30, 1970, defendant, Charles P. Smith, was driving a motor vehicle in an easterly direction on a two lane highway in Rock Island County, commonly called Blackhawk Road. Immediately behind him was a motor vehicle operated by Milton Meyer. At the intersection of Coaltown Road and Route 150, defendant was required to stop for a red light. At the intersection he left his motor vehicle and walked west to the driver's side of the motor vehicle of Milton Meyer. He then told Milton Meyer to "dim your damn lights". Milton Meyer claims the defendant held a pocket knife at his side and they had a conversation about the knife wherein defendant told him he never went back to a strange car without some protection. No physical altercation took place.

Defendant was charged with and found guilty by a jury of the offense of simple assault in violation of ch. 38, par. 12—1, Ill. Rev. Stat. (1969). On this appeal he urges that the evidence is insufficient to support his conviction and the fine imposed was excessive.

Ch. 38, par. 12—1, the section of the Statute which defendant was charged with violating provides, "a person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery." In our view the evidence is sufficient to warrant the juy's verdict.

The main thrust of defendant's argument is that the evidence fails to show the required effect upon the alleged victim resulting from defendant's conduct. From the evidence it may be inferred that defendant did have an open pocket knife in his hand at the time of his confrontation

with Meyer. Although defendant claims the only effect produced by his display of the knife was that of self protection we believe the jury could have concluded otherwise. The difference between a threatening posture and a protective posture where weapons are concerned presents a question appropriately submitted to and resolved by a jury. (*People v. Preis,* 27 Ill.2d 315, 189 N.E.2d 254.) Accordingly we hold the evidence was sufficient to prove defendant guilty beyond a reasonable doubt.

This brings us to defendant's claim that the fine imposed as a sentence was excessive. The fine was $500.00, the maximum provided by the statute.

■■ The only conclusion which can be drawn from the remarks of the trial judge prior to sentencing is that the maximum fine was imposed because the defendant had availed himself of his right to trial by jury. As stated in *People v. Moriarty,* 25 Ill.2d 565, 185 N.E.2d 688, "* * * we believe that the court's remarks here make it evident that the punishment imposed by the trial judge was in part for the reason that the defendant had availed himself of his right to a jury trial, and only in part for the crime for which he was indicted. A defendant in a criminal case should not be punished by a heavy sentence merely because he exercises his constitutional right to be tried before an impartial judge or jury. *United States v. Wiley* (7th Cir.), 278 F.2d 500, 504." Any suggestion or intimation that a defendant is being punished for insisting on his constitutional rights is contrary to our basic theories of justice and ought not to be condoned.

We find no error in the judgment of conviction and accordingly it is affirmed. However we believe that the fine imposed as a sentence is erroneous and should be reduced to $50.00 and in the latter amount the sentence is affirmed.

Judgment affirmed, sentence modified and affirmed as modified.

ALLOY, P. J., and SCOTT, J., concur.