THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK D. HOLVERSON, Defendant-Appellant.

(No. 74-422; )

Second District (2nd Division)—October 9, 1975.

William L. Balsley, of Smith, Smith & Balsley, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Patrick D. Holverson, was charged in an information in Winnebago County with assault and aggravated assault. He was found not guilty of aggravated assault and guilty of assault at a bench trial and fined $90 plus $10 costs. Defendant contends on appeal that he was not proven guilty of assault beyond a reasonable doubt.

The complainant testified that he was travelling south on Alpine Road on March 13, 1974, when he noticed a car following him very closely with its lights blinking. The complainant was driving the speed limit and could not change lanes as there was a car next to him. He was approaching an intersection controlled by a traffic signal which was red. He stopped at the light and saw at his right a small red Porsche 917E with the driver/defendant mumbling something. The complainant simulated applause, defendant seemed to be yelling something and the complainant "gave him the finger." Defendant became agitated and rolled down his window. The complainant then rolled down his window and defendant threatened to blow his head off. The complainant responded sarcastically and then defendant pulled a large gun into view. The complainant quit talking and pulled away as the light changed. He checked defendant's

license number, noted the time to be 5:26 a.m., went to his office and called the police.

Defendant testified that as he was travelling south on Alpine Road in the center lane the complainant's car began to swerve into him from the right lane, then rapidly returned to the right lane without hitting defendant's car and slowed down. Defendant passed him and made a gesture by pointing to his own head, questioning the complainant's intelligence. At the intersection defendant stopped in the left turn lane and complainant stopped in the center lane. The complainant made an obscene gesture and seemed to be talking angrily. Defendant could not hear the complainant because his radio was on and the windows of both cars were up. Fearing that the complainant might leave his car and approach him defendant held up a piece of cable like a club. The light changed and defendant turned left. Defendant said he did not own a pistol and had gotten the cable two or three days earlier. He had no pistol on the date in question.

Defendant's roommate testified that he believed defendant owned no pistol.

Police stopped and searched defendant's car the next day. They found no pistol.

■■ The fact that defendant was acquitted of aggravated assault indicates that the judge did not believe that he had a gun, but rather the piece of cable he testified to. (Ill. Rev. Stat. 1973, ch. 38, pars. 12—1, 12—2(a)(1).) The trier of fact may believe part of one's testimony without believing all of it. *People v. Jordan*, 38 Ill.2d 83; *People v. Zaeske*, 67 Ill.App.2d 115.

The basis of defendant's argument appears to be that there was not sufficient proof as to the complainant reasonably apprehending a battery, an element of the offense of assault. (Ill. Rev. Stat. 1973, ch. 38, par. 12—1.) Whether an assault victim was reasonably apprehensive is a question of fact. (*People v. Smith*, 132 Ill.App.2d 1028.) It requires no citation of authority to say that we will not reverse the trial court unless the decision there was contrary to the manifest weight of the evidence. Defendant was proven guilty of assault beyond a reasonable doubt. (See *People v. Preis*, 27 Ill.2d 315; *People v. Hasty*, 127 Ill.App.2d 330, 335.) The testimony set forth above was sufficient for the trial court to find that the complainant was placed in reasonable apprehension of receiving a battery.

For the foregoing reasons, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.