THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD D. PETERSON, Defendant-Appellant.

Third District   No. 75-367

Opinion filed September 29, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Ronald Peterson was charged with aggravated assault (Ill. Rev. Stat. 1973, ch. 38, par. 12—2(a)(6)) against Deputy Donald Boers. After a jury trial, he was found guilty and sentenced to 364 days in jail. The sole issue raised on review is whether the defendant's guilt was proved beyond a reasonable doubt.

The State called one witness, Officer Bob Piercy, who testified that on March 17, 1975, at about 1:45 a.m., he with Officer Brown arrested defendant on charges of attempt murder and two counts of aggravated battery all against Joseph J. Tursa. Peterson was acquitted by a jury on these three counts. After making the arrest, Brown and Piercy handcuffed Peterson and transported him to the police station for booking. As Officer Weteral removed the handcuffs to facilitate the booking procedure, Officer Piercy testified that Peterson then clenched his fists and spoke challengingly to Officer Weteral, "Come on, just you and me." At this time Deputy Boers came into the room and told Peterson to behave. Peterson then swung at him but was subdued by the other officers. It appears from the record that the question of Boers' status of being a police officer was never at issue.

Deputy Boers did not testify because of injuries sustained in an automobile accident shortly prior to trial. The State's case rested upon the testimony of the eyewitness Piercy. The basis of defendant's argument appears to be that there was not sufficient proof that Officer Boers was reasonably apprehensive of a battery, an element of the offense of assault. Whether an assault victim was reasonably apprehensive is a question of fact. *People v. Smith* (3d Dist. 1971), 132 Ill. App. 2d 1028, 271 N.E.2d 61; *People v. Holverson* (2d Dist. 1975), 32 Ill. App. 3d 459, 336 N.E.2d 88.

In the instant case, Officer Piercy testified that as Officer Weteral was removing the right handcuff from defendant's wrist, he turned toward Officer Weteral and swung at him. Later, when Deputy Boers came into the room to assist the other officers, the defendant was told by Deputy Boers to unclench his fists but instead the defendant swung at Deputy Boers.

In *People v. Alexander* (1st Dist. 1976), 39 Ill. App. 3d 443, 350 N.E.2d 144, the court held that a victim may be found to have had a reasonable apprehension of a battery although he never testified to such reasonable apprehension, and that an inference of reasonable apprehension of

receiving a battery may be used when one person is swung at by another. In a later case, *People v. Seting* (1st Dist. 1976), 40 Ill. App. 3d 76, 351 N.E.2d 322, a charge of aggravated assault was brought when a police officer curbed the defendant's vehicle, and the defendant got out of his car carrying a "slam puller" and attempted to strike the officer as he exited from the police car. Although the defendant presented contradictory evidence, the court held that there was sufficient evidence for the trier of fact to conclude that the officer was in reasonable apprehension of receiving a battery. See *People v. Brown* (1st Dist. 1973), 14 Ill. App. 3d 196, 302 N.E.2d 101, 103-04.

Here, from the evidence of the belligerent attitude of defendant, his challenge to Officer Weteral, "Come on, just you and me," his swinging at Officer Weteral, followed by the admonition to the defendant by Deputy Boers "to unclench your fists," and then swinging at Deputy Boers, the trier of fact could reasonably have found that Deputy Boers had been placed in fear of receiving a battery. (See *People v. Hasty* (1st Dist. 1970), 127 Ill. App. 2d 330, 262 N.E.2d 292.) The conduct of the defendant was menacing by objective standards and it was left to the jury to determine if, as a result of the menacing conduct, Deputy Boers was placed in reasonable apprehension of receiving a battery. There could be no doubt that Peterson was able to inflict a battery, and that he indicated a present purpose to do it by his unequivocal words and conduct. Defendant's testimony in his own behalf that he did not remember whether he swung at Deputy Boers did not contradict the State's evidence. The facts in the case at bar were sufficient to find that Deputy Boers was placed in reasonable apprehension of receiving a battery, and a reviewing court will only reverse a conviction when the evidence is unreasonable, improbable, or so unsatisfactory as to leave a reasonable doubt as to defendant's guilt. *People v. Mills* (1968), 40 Ill. 2d 4, 19, 237 N.E.2d 697.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.