174 Ill. App.3d 114 (1988)
528 N.E.2d 769
In re P.S.B., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
P.S.B., a Minor, Respondent-Appellant).
No. 3-87-0595.
Illinois Appellate Court  Third District.
Opinion filed August 31, 1988.
*115 Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.
Raymond Kimbell III, State's Attorney, of Galesburg (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Affirmed in part, and reversed in part and remanded.
JUSTICE WOMBACHER delivered the opinion of the court:
The respondent, P.S.B., a minor, appeals his adjudication of delinquency for two counts of aggravated assault, the trial judge's refusal to find him an addict, and his commitment to the Department of Corrections rather than to a long-term remedial facility for chemical dependents.
The incidents leading up to this adjudication of delinquency occurred on April 16, 1987, when P.S.B. consumed about 12 cans of beer, 18 cans of malt liquor, several marijuana cigarettes, and speed. He later ended up with five others in an automobile. There he threatened another male passenger by holding a knife to his neck. Later that night, while at a lake, he threatened one of the female passengers with a knife by holding it to her throat. Throughout the day, he continually expressed his intention to commit suicide. At one point, P.S.B. indicated he wanted to die and he wanted the three female passengers to die with him.
When the police arrived, P.S.B. told them to back off or he would kill the girls. After a brief delay they were able to seize and arrest him. P.S.B. admitted to the police at the scene he had been drinking and consuming drugs. The five other passengers stated P.S.B. was extremely intoxicated. The two responding police officers testified they felt he was not intoxicated; however, they did not look at his eyes or smell his breath.
Officer Perez, who met with P.S.B. following his arrest, testified P.S.B. was intoxicated because he smelled of alcohol, yelled and carried on, and was unable to stand up.
P.S.B.'s father, Mr. Bengtson stated he had seen his son intoxicated before, but not to this extent. P.S.B.'s mother testified he called her on April 16, about 10:30 p.m. She could tell he was intoxicated, almost to the point of asking for help. P.S.B. testified he periodically suffered blackouts on this night, he did not recall the events in the car or at the lake, which included both threats; however, he did recall his suicide intention. *116 Finally, he categorized himself as an addict.
At the conclusion of the hearing on June 23, 1987, the trial judge adjudicated P.S.B. delinquent of aggravated assault as charged in counts I and II, since he possessed the requisite knowledge to complete the offenses.
A dispositional hearing was conducted on August 11, 1987. The trial judge denied P.S.B.'s "Motion For Finding of Addiction," stating he would consider his addiction when determining the dispositional order. At the hearing, a social investigation report was introduced which revealed the respondent's parents were both alcohol abusers, neglectful, and child abusers. In 1973, P.S.B. and his two sisters were removed from the custody of their natural parents and adopted by Mr. and Mrs. Bengtson. P.S.B. was adjudicated delinquent and placed on probation in March of 1984, which he violated on several occasions. P.S.B. had a history of chemical dependency, which led to his admission to a 28-day inpatient program in January of 1987.
An experienced counselor, Mr. Brammer, from the same facility, stated P.S.B. was chemically dependent on alcohol, marijuana, and speed, and recommended placing respondent in a long-term residential program for his addictions. He knew of two such facilities monitored by the Department of Alcoholism and Substance Abuse (DASA). However, he was not aware of specifics concerning the method of treatment, although both had good success rates. Edward Esselman, a substance abuse therapist at a mental health center, also recommended P.S.B. participate in a DASA long-term inpatient program.
Alan Alderman, a juvenile probation officer, recommended P.S.B. be committed to the Department of Corrections (DOC); however, he admitted he never considered sending P.S.B. to a DASA-monitored program.
The State argued the DOC could adequately treat P.S.B.'s addictions; however, the State failed to present evidence how the DOC would treat P.S.B.'s addictions. The defense suggested the court should further investigate the options available with DASA with respect to long-term treatment since two professionals recommended such and the State failed to demonstrate how the DOC would rehabilitate P.S.B.
Nevertheless, the trial judge committed P.S.B. to the DOC since he did not know what the DASA would accomplish by admitting P.S.B. to one of its approved facilities.
 1, 2 P.S.B. contends he was not proven guilty beyond a reasonable doubt of two counts of aggravated assault because his intoxication prevented him from forming the requisite state of mind to knowingly carry out these offenses. Sufficient evidence was presented to support *117 the trial judge's finding of delinquency, and we affirm the trial judge's adjudication of delinquency. Voluntary intoxication is not a defense to a crime, unless it is so extreme as to make it impossible to formulate the mental state which is an element of the offense. (People v. Madej (1985), 106 Ill.2d 201, 478 N.E.2d 392.) When the evidence indicates the defendant acted with any purpose or rationality, voluntary intoxication is not a defense. People v. Weir (1986), 111 Ill.2d 334, 490 N.E.2d 1.
 3 The trial judge's findings should be given deference, since he was in the best position to assess the credibility of the witnesses, weigh the evidence, and make accurate factual findings. (In re D.M. (1985), 131 Ill. App.3d 962, 476 N.E.2d 771.) A reviewing court is not to substitute its judgment as to the weight of the evidence or the credibility of the witnesses for that of the trial judge. (People v. Hobson (1979), 77 Ill. App.3d 22, 396 N.E.2d 53.) The testimony revealed P.S.B. was intoxicated; nevertheless, he was aware of what he was doing and where he was.
On April 16, 1987, he pulled a knife on two different people at two different locations. Sufficient time elapsed between both incidents to indicate they were separate. P.S.B. knowingly, yet unsuccessfully, attempted to elude the police. The witnesses testified that P.S.B. loses his temper when he gets drunk. Merely being drunk is not sufficient to constitute the defense of intoxication. (People v. Thompson (1984), 125 Ill. App.3d 665, 466 N.E.2d 380.) During his outbursts on April 16, 1987, all the witnesses including the policemen were able to understand him. P.S.B. remembers the quantities of the intoxicants he consumed, his conversation with his father, mother, and sister, and the various emotions he felt on the evening in question. Looking at the evidence in the light most favorable to the State, the trial judge could have found the elements to the offense were proven beyond a reasonable doubt. People v. Collins (1985), 139 Ill. App.3d 21, 486 N.E.2d 1347.
 4 P.S.B. contends that count I was not proven beyond a reasonable doubt since the State failed to demonstrate that the victim of the charged assault was in apprehension of receiving a battery. The victim, Bill McPherrin, did not testify at the adjudicatory hearing. The State presented sufficient evidence of this element of aggravated assault, and the trial judge's finding should be affirmed. Whether a person was in reasonable apprehension of receiving a battery is a question of fact. (People v. Chrisopulos (1980), 82 Ill. App.3d 581, 402 N.E.2d 912.) To prove a person is in reasonable apprehension of a battery, it is sufficient if it can be shown inferentially. (People v. Brown (1973), 14 Ill. App.3d 196, 302 N.E.2d 101.) Two witnesses, other than the victim, *118 testified that P.S.B. held a knife to the victim's throat. That is ample inferential evidence the victim was apprehensive of being physically injured.
 5 Finally, P.S.B. argues the trial court erred by committing him to the Department of Corrections (DOC) and in failing to grant his request to be referred to the Department of Alcoholism and Substance Abuse (DASA) for consideration of his acceptance of treatment.
The trial court should have considered more evidence about the type of treatment offered both by the DOC and DASA. P.S.B. requested treatment within a DASA program as an alternative to commitment to the DOC. Two expert witnesses recommended placing P.S.B. in a long-term facility since he was a substance abuser. Both witnesses indicated the DASA had remedial facilities; however, they failed to provide a detailed description of the type and method of treatment the DASA utilized or conducted, but they indicated the DASA-approved programs had high success rates. The defense asked the trial judge to further examine those avenues which would initiate a referral to the DASA program for treatment at a long-term facility. The trial judge countered by saying there was insufficient evidence present concerning a DASA long-term program, so he committed P.S.B. to the DOC. The trial judge indicated that committing P.S.B. to the DOC was the only reasonable alternative before the court.
The Juvenile Court Act provides for admission to the DASA for a delinquent minor for treatment as a dispositional alternative "where authorized under the Alcoholism and Substance Abuse Act." (Ill. Rev. Stat. 1987, ch. 37, par. 805-23(1)(a)(3).) Section 25 of the Alcoholism and Substance Abuse Act has a reciprocal provision. (Ill. Rev. Stat. 1987, ch, 111 1/2, par. 6325.) Section 23 of the Alcoholism and Substance Abuse Act provides in pertinent part:
"If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by a licensed program designated by the Department to determine whether he is an addict and is likely to be rehabilitated through treatment. The licensed program designated by the Department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that such an individual is an addict and is likely to be rehabilitated through treatment, the individual shall be placed on probation and under the supervision of the licensed program designated by the Department for treatment and of the proper probation authorities *119 for probation supervision unless, having regard to the nature and circumstance of the offense and to the history, character and condition of the individual, the court is of the opinion that no significant relationship exists between the addiction of the individual and the crime committed or that his imprisonment or periodic imprisonment is necessary for the protection of the public, and the court specifies on the record the particular evidence, information, or other reasons that led to such opinion. If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment or that his addiction and the crime committed are not significantly related or that his imprisonment or periodic imprisonment is necessary for the protection of the public, the court shall proceed to pronounce sentence as in other cases. The court may require such progress reports on the individual from the probation officer and a licensed program designated by the Department as the court finds necessary. No individual may be placed under supervision unless a licensed program designated by the Department accepts him for treatment." Ill. Rev. Stat. 1987, ch. 111 1/2, par. 6323.
The trial court did not follow section 23 when entering its dispositional order. The court simply committed the minor to the DOC. There was insufficient evidence presented regarding the type, method, and procedures of the available long-term treatment options. Nevertheless, this matter deserves more attention by the trial court. This matter should be remanded for another dispositional hearing to consider further evidence of the likelihood of P.S.B.'s rehabilitation and for further evidence concerning the details of long-term treatment in accord with the spirit and intent of said section 25.
The circuit court of Knox County is affirmed in part and reversed in part, and this cause is remanded for a hearing consistent with this opinion.
Affirmed in part; reversed in part and remanded.
STOUDER, J., concurs.
JUSTICE HEIPLE, concurring in part and dissenting in part:
The majority correctly ruled that the minor was proven guilty beyond a reasonable doubt of two counts of aggravated assault, but erroneously reversed the trial court and remanded for a new dispositional hearing. I therefore dissent from that portion of the order.
*120 The minor in this case urged the trial court to find him to be an addict and to refer him to the Department of Alcohol and Substance Abuse for treatment as an alternative to commitment to the Department of Corrections (DOC). The trial judge denied the minor's motion, but stated he would consider the minor's history of substance abuse prior to entering the dispositional order. After considering all of the evidence presented, the trial court committed the minor to the DOC. Noting the minor's prior criminal history, the failure of previous alternative placements, and his apparent lack of dedication to a long-term treatment program, the court found that commitment to the DOC would be in the minor's best interests and was necessary to protect the public. The trial court entered its order after giving ample consideration to the evidence and to dispositional alternatives. The majority has overstepped its authority by reversing that part of the order.
The Juvenile Court Act sets forth the various dispositional alternatives, one of which is commitment to the DOC. (Ill. Rev. Stat. 1987, ch. 37, par. 805-23.) The trial judge has wide discretion in determining the appropriate disposition, and that decision will not be reversed absent an abuse of discretion. (In re T.A.C. (1985), 138 Ill. App.3d 794.) Based on the evidence before it, the court below acted well within its broad range of discretion in committing the minor, and its decision should not be reversed.
The majority states that the trial court erred because it did not follow section 25 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1987, ch. 111 1/2, par. 6325). There was no error because the court was not required to follow that act. The Juvenile Court Act provides that a delinquent minor may be admitted for treatment for drug addiction where authorized under the Alcoholism and Substance Abuse Act. If a court determines it is in the minor's best interests to be admitted for treatment, then it must follow the mandates of section 25. As the trial court here was under no obligation to admit the minor for treatment, and in fact, in the exercise of its sound discretion, ordered a different disposition, compliance with section 25 was entirely unnecessary.
The trial court's failure to follow section 25 was not an abuse of discretion, nor was the court's decision to commit the minor to the DOC. Absent an abuse of discretion, a trial court's dispositional order should not be disturbed. Therefore, the order of this trial court should be affirmed in its entirety.