THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALBERT FERGUSON, Defendant-Appellant.

First District (4th Division)   No. 1—87—2172

Opinion filed March 30, 1989.

Paul P. Biebel, Jr., Public Defender, of Chicago (Millicent Willis and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, La-Coulton Walls, and Mary Jo Montgomery Lydikson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County defendant was found guilty of assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—1) and placed on supervision for one year. In this appeal defendant contends that his conviction should be reversed because the State failed to prove that he placed the complaining witness in reasonable apprehension of receiving a battery.

The incident giving rise to the charge against defendant occurred on July 26, 1986, at the gate of the South Shore Country Club in Chicago. A Gospelfest program was underway there that afternoon, and the complaining witness, Robert Norwood, was employed as a security guard for the event by the mayor's office of special events. In that capacity, Norwood was positioned at the gate of the parking lot which had been divided for the use of Gospelfest patrons and those wishing to play golf at the club.

Defendant drove up to the gate about 5 p.m. seeking admission to play golf. When Norwood informed him that he could not enter and would have to park his car on the street, defendant jumped out of his car and stood within three inches of Norwood's face, cursing at him and telling him that he was going to drive his car into the lot regardless of what Norwood said. Defendant then got back into his car and began to drive it, but Norwood would not move. Defendant pushed his car into Norwood, got out again, then ran to his trunk, telling Norwood that if he would not move, defendant had something to move him. Defendant opened his trunk, then came back to where Norwood was standing, and within striking distance, told Norwood that he was going to "kick his ass." At trial, Norwood stated that he thought

defendant was going to hit him at that point.

During cross-examination, Norwood stated that two Chicago police officers were on duty in the same area that afternoon and were standing about eight feet away from him when defendant approached. He further stated that when defendant got out of his car, his attitude changed dramatically from that exhibited when he first explained to Norwood that he wanted to enter the area to play golf. Norwood later stated that when defendant got out of his car, he was raging, and cursing, and threatened to "kick his ass" in an angry tone of voice. Norwood further stated that he eventually called the police officers over, but because a traffic jam had developed behind defendant, they did not arrest defendant at that moment, but did so later for a sticker violation.

Defendant testified that he was 48 years of age and before the current strike had been employed at United States Steel for 17 years. On the evening in question, defendant went to the country club to play golf but was stopped at the gate by Norwood, who was not wearing a uniform. Defendant explained why he was at the club, but Norwood would not let him enter, although he saw Norwood allow a woman enter the lot who had arrived after him.

After his unsuccessful attempt to gain entry, defendant got back into his car and Norwood put his knee on the front of it. Defendant then stepped out of his car again, and Norwood summoned the two uniformed police officers. When the officers learned that Norwood was not a police officer, however, they dismissed his protestations and walked away. Defendant got back into his car once again, leaned out of the window and told Norwood that it would be better for him to get his knee off his car. Norwood, however, continued to stand there, and at this point a police officer told defendant to turn his car around and get out. Defendant refused to leave and was placed under arrest because of an illegal car sticker.

During cross-examination, defendant acknowledged that he may have screamed at Norwood, but stated that Norwood had also swore at him. He denied saying that he was going to "kick his ass" and pointed out that Norwood was a much younger man. Defendant also acknowledged, however, that he is 6 feet 1½ inches tall and at the time of the incident weighed about 230 pounds. He admitted that he was upset when Norwood permitted a woman to enter the lot behind him after he had been denied entry, but insisted that he did not threaten Norwood.

At the close of evidence and argument, the court stated that the determinative issue in the case was that of credibility and that it

found the testimony of Norwood clear and convincing and sufficient to establish defendant's guilt of the offense beyond a reasonable doubt. Judgment was entered on this finding and defendant was sentenced to one year of supervision. This appeal follows in which defendant contests the sufficiency of the evidence to sustain his conviction asserting specifically that the State failed to prove that defendant placed Norwood in reasonable apprehension of receiving a battery.

By statute, an assault occurs when a person engages in conduct which places another in reasonable apprehension of receiving a battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—1(a)), and the determination as to whether this situation exists in a given case is to be made by the trier of fact. (*People v. Harkey* (1979), 69 Ill. App. 3d 94, 386 N.E.2d 1151.) To establish this element the victim need not testify expressly that he was in apprehension of receiving a battery; it is sufficient if the trier of fact may reasonably infer from the facts and circumstances that this was the case. (*People v. Chrisopulos* (1980), 82 Ill. App. 3d 581, 402 N.E.2d 912; see also *People v. Smith* (1977), 52 Ill. App. 3d 53, 367 N.E.2d 84.) Where the evidence is conflicting, it is the province of the trier of fact to resolve the conflict and determine which witnesses are to be believed. (*People v. Rynberk* (1980), 92 Ill. App. 3d 112, 415 N.E.2d 1087.) The decision reached by the trier of fact will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *People v. Holverson* (1975), 32 Ill. App. 3d 459, 336 N.E.2d 88.

In the case at bar, the trial court resolved the credibility and testimonial conflict issues in favor of the complaining witness, and we find no reason to upset that determination. Although we recognize that words alone are insufficient to establish the offense of assault, we believe that the words and conduct attributed to defendant under the circumstances in this case were sufficient to support the judgment entered by the trial court.

In announcing its findings at the close of evidence and again in denying defendant's motion for a new trial, the court referred to the credibility issue and in the latter instance elaborated on the observations which prompted its ultimate determination. The court first noted that both witnesses, although separated in age by about 20 years, were large men and physically strong. In addition, the court found that Norwood's testimony had been delivered in a calm, direct manner in which temper and hostility played no part. On the other hand, the court found that defendant had not just presented his testimony in a loud manner, as asserted by defense counsel, but that he

had also become easily agitated and hostile and had behaved in a manner which was consistent with the testimony given by Norwood. Accordingly, the court found that the words attributed to defendant, together with his conduct, established the offense of assault in that they reflected the immediate possibility of his committing a battery against Norwood. We agree with this assessment. In our opinion, the evidence of defendant's verbal threat to kick Norwood, which was delivered at close range, the hostility and anger evident in his remarks to Norwood (see *People v. Harkey* (1979), 69 Ill. App. 3d 94, 386 N.E.2d 1151) and the temperament he displayed toward him during the incident (see *People v. Chrisopulos* (1980), 82 Ill. App. 3d 581, 402 N.E.2d 912), support the trial court's conclusion that Norwood was placed in reasonable apprehension of receiving a battery by defendant, and that defendant was therefore proved guilty of assault as charged. *People v. Holverson* (1975), 32 Ill. App. 3d 459, 336 N.E.2d 88.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.