THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SCOTT ENERSON, Defendant-Appellant.

Third District   No. 3—89—0708

Opinion filed August 2, 1990.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

William Poncin, State's Attorney, of Macomb (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a bench trial, the defendant, Scott Enerson, was convicted of aggravated assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—2(a)(1)). The trial court sentenced him to serve one year of probation and 60 days in jail. The defendant appeals, contending that he was not proved guilty beyond a reasonable doubt.

The agreed statement of facts reveals that the defendant consumed 10 beers between 7 p.m. and 11 p.m. on August 26, 1989. Sometime after 11 p.m., the defendant left his apartment to go to a friend's house. At that time, Stan Kondic, who lived in the same apartment building as the defendant, was having a party outside with Ulysses Banuelos and several other people.

The defendant testified at trial that about 15 minutes after leaving his apartment he returned and procured two steak knives. He then left his apartment again and engaged in a verbal altercation with some of the people at the party. As Banuelos started moving toward him, the defendant attempted to pull out one of the knives, but dropped it on the ground. According to the defendant, Banuelos continued moving toward him. The defendant then displayed the other knife and told Banuelos that he would defend himself if he had to. At that point, everyone, including Banuelos, moved away from him. The defendant then went back to his apartment.

Stan Kondic and Ulysses Banuelos each testified that the defendant, without being invited, sat down on a chair belonging to them. They repeatedly asked him to leave the area. The defendant ignored their requests and stated that he would sit where he wanted. Eventually, the defendant left and went back to his apartment. Sometime later, he came out again. He walked toward Kondic and Banuelos with his hand behind his back as though holding something. Banuelos asked the defendant what he was holding. The defendant pointed a knife at Banuelos and took a step toward him. The defendant then dropped the knife, but pulled out a second one and again pointed it at Banuelos. At that time, Kondic called the police. According to Kondic and Banuelos, the defendant was about 1½ to 3 feet from Banuelos while he held the knife.

The defendant argues on appeal that he was not proved guilty beyond a reasonable doubt, because his conduct did not place the victim in reasonable apprehension of receiving an immediate battery. In that regard, he specifically notes that the victim never yelled or screamed and did not testify at trial that he actually feared being injured.

■ ■ To prove the offense of aggravated assault, it must be shown that the defendant, using a deadly weapon, engaged in conduct which placed the victim in reasonable apprehension of receiving a battery. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—2(a)(1), 12—1.) Whether the victim was in reasonable apprehension of a battery is a question of fact. (*People v. Chrisopulos* (1980), 82 Ill. App. 3d 581, 402 N.E.2d 912.) It is not necessary that the victim expressly testify that he was in apprehension of a battery to sustain a conviction; rather, it can be

shown inferentially based on the conduct of the defendant and the victim. (*In re P.S.B.* (1988), 174 Ill. App. 3d 114, 528 N.E.2d 769; *In re C.L.* (1989), 180 Ill. App. 3d 173, 534 N.E.2d 1330.) Once a defendant is convicted, the evidence is viewed by the appellate court in the light most favorable to the prosecution, and the relevant question is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■■ Applying the above principles to the instant case, we find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of aggravated assault. Evidence was presented which showed that the defendant took a step toward the victim while brandishing a knife. The defendant was only 1½ to 3 feet from the victim. Moreover, the defendant specifically testified that everyone, including the victim, moved away from him while he held the knife. From this evidence, the trier of fact could have reasonably found that the victim was placed in fear of being seriously injured. See *People v. Hasty* (1970), 127 Ill. App. 2d 330, 262 N.E.2d 292.

The judgment of the circuit court of McDonough County is affirmed.

Affirmed.

GORMAN and STOUDER, JJ., concur.