822 N.E.2d 592 (2005)
354 Ill. App.3d 775
290 Ill.Dec. 1007
In re GINO W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Gino W., Respondent-Appellant).
No. 2-03-0773.
Appellate Court of Illinois, Second District.
January 21, 2005.
*593 G. Joseph Weller, Deputy Defender, and Patrick M. Carmody (Court-appointed), Office of the State Appellate Defender, Elgin, for Gino W.
Joseph E. Birkett, Du Page County State's Attorney, Wheaton, Martin P. Moltz, Deputy Director, Sally A. Swiss, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Justice CALLUM delivered the opinion of the court:
Around April 30, 2002, respondent, Gino W., discovered that his skateboard was broken. Believing that a classmate named Pat was responsible, respondent and three of his friends began looking for Pat, wielding baseball bats as they searched. They soon encountered Bradley A., who was Pat's friend, and asked him where they could find Pat. Bradley answered, but respondent did not believe him. Using his baseball bat, respondent hit the front tire of the bike Bradley was straddling, damaging the front wheel. Respondent then began swinging the baseball bat at Bradley. Bradley interpreted respondent's act as an attempt to scare him, not hit him. Following a bench trial, the trial court adjudicated respondent delinquent based on a finding of guilty as to six offenses, one of which was aggravated assault (720 ILCS 5/12-2(a)(1) (West 2002)) against Bradley. Respondent subsequently was sentenced to six years' probation, and he moved to reconsider, contending that he was not proved guilty of aggravated assault beyond a reasonable doubt because Bradley was not fearful of respondent hitting him with the baseball bat. The trial court denied the motion, and this timely appeal followed. We affirm.
The relevant testimony elicited at trial provides as follows. Bradley, who was 13 years old in the spring of 2002, testified that, on April 30, 2002, he and two friends, Pat and Josh, went to a neighboring middle school to play football. Soon after they arrived, Pat and Josh left, leaving Bradley, who was on his bicycle, alone on the football field.
While Bradley was waiting for Pat and Josh to return, respondent and three of his friends, two of whom Bradley knew, approached Bradley, asking him where they could find Pat. Respondent and two of the other boys were carrying baseball bats. Bradley advised them that Pat went to get another friend. Respondent, who did not believe Bradley, struck the front tire of Bradley's bike with his baseball bat, bending the wheel's rim and breaking the spokes. Bradley dropped his bike and began backing away from respondent. Respondent then swung his baseball bat at Bradley's midsection two or three times, with the bat coming within two to three feet of hitting Bradley. Bradley testified that he was "[j]ust backing off" as respondent was swinging the baseball bat at him and that the speed and force with which respondent swung the bat were comparable to that used to hit a baseball.
Respondent and Bradley soon saw Pat and Josh returning to the field. Respondent, Bradley, and the three other boys ran towards Pat and Josh, and respondent demanded to know why Pat broke respondent's skateboard. Respondent then ordered Pat to get off the bike he was riding. When Pat refused, respondent used the baseball bat to hit the front tire of Pat's bike and threatened to use the bat to give Pat a concussion. Bradley then went to the home of family friends, which was nearby, and had them call the police.
On cross-examination, Bradley testified that, after he dismounted his bike, respondent stood approximately three to four feet away from him. Bradley stated that he was not afraid of being hit by respondent, clarifying that, when respondent swung the bat at him, he did not believe that respondent was trying to hit him. Rather, Bradley thought that respondent was attempting *594 to scare him. Bradley also testified that he and respondent are friends and have been friends for at least four years.
The trial court adjudicated respondent delinquent, based on a finding of guilty as to six offenses, one of which was aggravated assault against Bradley. In finding respondent guilty of this aggravated assault, the trial court recognized that there was conflicting testimony regarding whether respondent placed Bradley in reasonable apprehension of receiving a battery. For example, the trial court noted that Bradley testified on cross-examination that he believed that respondent was trying to scare him, not hit him, when respondent swung the baseball bat. The trial court did not find this testimony credible, believing that Bradley's testimony on direct examination was more accurate. Specifically, the trial court found that "[t]he fact that [Bradley] backed away says to this Court that he did believe that he was in reasonable fear of receiving a battery."
Respondent was sentenced, and he moved to reconsider, contending that he was not proved guilty of aggravated assault beyond a reasonable doubt because Bradley testified that he was not fearful of respondent hitting him with the baseball bat. The trial court denied the motion, reiterating that Bradley's act of "backing out of there at the time the bat got swung * * * certainly indicates to [this court that Bradley] had [a] reasonable apprehension of receiving a battery."
On appeal, respondent challenges the finding of guilt of aggravated assault against Bradley. The State must prove beyond a reasonable doubt the elements of the substantive offenses charged in a delinquency petition. In re S.M., 347 Ill.App.3d 620, 626, 283 Ill.Dec. 261, 807 N.E.2d 1102 (2004). On review, we will not overturn a trial court's finding of delinquency unless, after viewing the evidence in the light most favorable to the State, no rational fact finder could have found the offenses proved beyond a reasonable doubt. S.M., 347 Ill.App.3d at 626, 283 Ill.Dec. 261, 807 N.E.2d 1102. The fact finder, not a court of review, must assess the credibility of the witnesses, resolve conflicts in the evidence, and decide what reasonable inferences to draw from the evidence. People v. Milka, 211 Ill.2d 150, 178, 284 Ill.Dec. 380, 810 N.E.2d 33 (2004); S.M., 347 Ill.App.3d at 626, 283 Ill.Dec. 261, 807 N.E.2d 1102.
To sustain a charge of aggravated assault, the State must prove that (1) the respondent, without lawful authority, engaged in conduct that placed another in reasonable apprehension of receiving a battery, and (2) in committing the assault, the respondent used a deadly weapon. 720 ILCS 5/12-2(a)(1) (West 2002); People v. Lucas, 170 Ill.App.3d 164, 170, 120 Ill.Dec. 481, 524 N.E.2d 246 (1988). Whether the victim was placed in reasonable apprehension of receiving a battery is a question that the fact finder must resolve. In re C.L., 180 Ill.App.3d 173, 181, 128 Ill.Dec. 725, 534 N.E.2d 1330 (1989). In assessing reasonable apprehension, the victim need not testify expressly that he was in apprehension of receiving a battery. People v. Ferguson, 181 Ill.App.3d 950, 953, 130 Ill.Dec. 551, 537 N.E.2d 880 (1989); C.L., 180 Ill.App.3d at 181, 128 Ill.Dec. 725, 534 N.E.2d 1330. Rather, reasonable apprehension may be inferred from the evidence presented at trial, including the conduct of both the victim and the respondent. C.L., 180 Ill.App.3d at 181, 128 Ill.Dec. 725, 534 N.E.2d 1330; In re P.S.B., 174 Ill.App.3d 114, 117-18, 124 Ill.Dec. 81, 528 N.E.2d 769 (1988).
Here, the trial court, as the fact finder, found that respondent had placed *595 Bradley in reasonable apprehension of receiving a battery. Because the evidence supports the trial court's finding, we cannot disturb it. The facts revealed that respondent approached Bradley, demanding to know where Pat was. Although Bradley correctly answered respondent's question, respondent believed that Bradley was lying, and he expressed his anger at Bradley by hitting Bradley's bicycle with such force that he bent the wheel rim and broke the spokes. In response to respondent's act, Bradley, who was straddling his bicycle, dropped his bike and backed away from respondent as respondent continued to swing at Bradley. Given these facts, we conclude that the State proved beyond a reasonable doubt that respondent placed Bradley in reasonable apprehension of receiving a battery.
Relying on Bradley's statement that he did not believe that respondent was going to hit him, respondent claims that the State failed to prove that he placed Bradley in reasonable apprehension of receiving a battery. Although Bradley did so testify, this portion of his testimony does not change our conclusion. Several Illinois appellate courts have affirmed a defendant's conviction of aggravated assault even though the victim did not testify that the defendant placed him in reasonable apprehension of receiving a battery. See, e.g., C.L, 180 Ill.App.3d at 181-82, 128 Ill.Dec. 725, 534 N.E.2d 1330; P.S.B., 174 Ill.App.3d at 117-18, 124 Ill.Dec. 81, 528 N.E.2d 769; People v. Harkey, 69 Ill.App.3d 94, 95-96, 25 Ill.Dec. 487, 386 N.E.2d 1151 (1979); People v. Peterson, 41 Ill.App.3d 1067, 1068-69, 355 N.E.2d 177 (1976); People v. Holverson, 32 Ill.App.3d 459, 459-60, 336 N.E.2d 88 (1975).
Admittedly, this case is somewhat different because Bradley did not fail to testify about whether he was placed in reasonable apprehension of receiving a battery. Rather, Bradley stated that he did not believe that respondent was going to hit him. We believe that this difference is immaterial in light of the facts presented in this case. For instance, although Bradley testified that he did not believe that respondent was going to hit him, he also stated that respondent was trying to scare him, which can establish reasonable apprehension of receiving a battery. See People v. Burrows, 64 Ill.App.3d 764, 766, 21 Ill.Dec. 593, 381 N.E.2d 1040 (1978) (victim testified that he was frightened and "scared stiff"). Further, courts have affirmed a defendant's conviction of aggravated assault when the victim testified that the defendant's conduct "was enough to scare somebody," but not necessarily the victim. See People v. Chrisopulos, 82 Ill.App.3d 581, 583, 585, 37 Ill.Dec. 910, 402 N.E.2d 912 (1980) (victim stated that the defendant was going to retrieve a gun, and, because the defendant was a "big guy, it was enough to scare somebody"). Moreover, even when the victim explicitly testified that the defendant never threatened him, courts have affirmed a defendant's conviction of aggravated assault because the acts of the victim and the defendant established that the victim was placed in reasonable apprehension of receiving a battery. See, e.g., People v. Alexander, 39 Ill.App.3d 443, 445-47, 350 N.E.2d 144 (1976) (firefighter denied that the defendant threatened him with a tire iron; however, the defendant did threaten the firefighter's partner).
These cases suggest, as C.L. expressly states, that reasonable apprehension is an objective standard, meaning that "`the apprehension must be one which would normally be aroused in the mind of a reasonable person.'" C.L., 180 Ill.App.3d at 178, 128 Ill.Dec. 725, 534 N.E.2d 1330, quoting W. Keaton, Prosser & Keaton on Torts § 10, at 44 (5th ed.1984). Although an objective standard applies, *596 courts may still consider facts about the respondent of which the victim is aware. C.L., 180 Ill.App.3d at 178, 128 Ill.Dec. 725, 534 N.E.2d 1330.
Here, when we examine the objective facts, including Bradley's conduct at the time of the incident, we cannot conclude that the trial court erred when it gave more weight to Bradley's conduct than to Bradley's subjective feelings. Although respondent and Bradley were friends and Bradley testified he was not afraid of respondent hitting him, the facts also revealed that respondent damaged Bradley's bike when, in respondent's mind, Bradley failed to cooperate. As the trial court found, this conduct obviously suggested that respondent placed Bradley in reasonable apprehension of receiving a battery because Bradley responded to respondent's violent act by dropping his bicycle and backing away from respondent as respondent continued to swing the baseball bat at Bradley. Nothing prevented the trial court from giving more weight to Bradley's testimony about his own actions than to Bradley's relationship with respondent or to Bradley's perception of respondent's conduct. See Holverson, 32 Ill.App.3d at 460, 336 N.E.2d 88 (noting that "trier of fact may believe part of one's testimony without believing all of it"). After considering the above-cited cases and the evidence presented, we hold that a rational fact finder could have found respondent guilty of aggravated assault beyond a reasonable doubt.
For these reasons, the judgment of the circuit court of Du Page County is affirmed.
Affirmed.
McLAREN and BOWMAN, JJ., concur.