**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2017[*]
Decided August 29, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2251

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 01-CR-30140-MJR |
| EARNEST D. JOHNSON, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

### O R D E R

On the day Earnest Johnson was released from prison, he went to his mother's house, banged on her door, and threatened to break her neck. The district court found that Johnson had committed assault and revoked his term of supervised release. We agree and affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In 2003 Johnson was convicted after a jury trial of bank robbery and using or carrying a firearm during that crime, *see* 18 U.S.C. §§ 2113(a),(d); 924(c)(1)(A). He was sentenced to 13 ½ years' imprisonment and 5 years' supervised release. After serving his prison term and two years of his term of supervised release, Johnson tested positive for cocaine. His release was revoked, and in early 2017 he was ordered to serve an additional 90 days' imprisonment plus 90 days' supervised release.

Johnson began his second term of supervised release on April 21. Hours after he was freed, he paid his mother an unexpected and angry visit. Johnson's mother, Sheila Young, testified at a revocation hearing that Johnson arrived and knocked on her door at around 6 p.m. She did not open the door because she was not dressed. She said that Johnson "threatened to burn down [the] house" and "tear up" her car while banging on her door.

At that point Young began recording a video of Johnson on her phone through a window in the door. That video shows Johnson opening the screen door to Young's house, shouting that he would "break [her] fuckin' neck," and asking, "You want me to come back over here, blow this mother fucker up? Stop fuckin' playin' with me." Young testified that she felt scared for her life and called 911.

The district judge concluded that Johnson had violated a condition of supervised release by committing the state crime of assault, *see* 720 ILCS 5/12-1 (defining assault as "knowingly engag[ing] in conduct which places another in reasonable apprehension of receiving a battery"); 720 ILCS 5/12-3 (defining battery as "knowingly without legal justification by any means (1) caus[ing] bodily harm to an individual or (2) mak[ing] physical contact of an insulting or provoking nature with an individual"). The judge credited Young's testimony about Johnson's violent threats and found that he "was disruptive, he was belligerent, violent, truculent, combative." Johnson's conduct, the judge reasoned, "would place any reasonable person in apprehension of receiving a battery." The judge imposed another 6 months' imprisonment and 1 year of supervised release. *See* 18 U.S.C. § 3583(e)(3).

On appeal Johnson argues that his conduct did not amount to assault under Illinois law. He argues that because Young was behind a locked door, his actions did not place her in reasonable apprehension of an *imminent* battery, as required by Illinois law, *see Kijonka v. Seitzinger*, 363 F.3d 645, 647 (7th Cir. 2004); *People v. Floyd*, 663 N.E.2d 74, 76 (Ill. App. Ct. 1996); *People v. Kettler*, 459 N.E.2d 7, 10–11 (Ill. App. Ct. 1984). Johnson asserts that he was "not trying to knock down the door or otherwise gain

entry" and that no reasonable person behind a locked door could fear an imminent battery from someone "merely shouting" on the other side.

We disagree. Johnson was not "merely shouting." His mother testified that Johnson was banging on the door, and that his shouts were explicit, angry threats. He screamed insults and threatened to break Young's neck if she "didn't stop playin'" with him. Young reasonably feared that he would break into the house and batter her. That was not the kind of "merely verbal threat of indefinite action in the indefinite future" that cannot constitute assault. *See Kijonka*, 363 F.3d at 647.

The locked door between the angry defendant and his mother does not undermine the reasonableness of her fear. Illinois courts have held that a defendant did not place a victim in reasonable fear of a battery when the defendant was strapped to a hospital bed at the time, *see Kettler*, 459 N.E.2d at 10–11, or when the defendant was separated from the victim by airlock doors in a public place and the defendant made no threatening gesture or attempt to open the doors, *see People v. Taylor*, 35 N.E.3d 171, 175 (Ill. App. Ct. 2015). Johnson's threats were not so empty as these. Houses often are broken into, and by banging on the door, Johnson backed up his verbal threats with a threatening gesture. Moreover, the hostility and temperament displayed during an incident can support a finding that a victim had a reasonable fear of receiving a battery. *See People v. Ferguson*, 537 N.E.2d 880, 882 (Ill. App. Ct. 1989). And Young, being Jackson's mother, knew he had just been released from prison and presumably knew he had committed a violent crime before.

The district court did not abuse its discretion in finding that Johnson committed an assault. The commission of that assault violated the mandatory condition of supervised release forbidding Johnson from committing another federal or state crime. Johnson's breach of that condition provided an ample basis to revoke his supervised release.

                                                                                          AFFIRMED.